UNITED STATES of America, Plaintiff—Appellee,

v.

Rito LOPEZ–MUNDO, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Rito Lopez–Mundo, Defendant—
Appellant.

No. 06–50237, 06–50259.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2007.*

Decided Feb. 14, 2007.

* This panel unanimously finds this case suit-able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher M. Alexander, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jason I. Ser, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Rito Lopez–Mundo ("Lopez–Mundo") objects to his sentences for violating 8 U.S.C. § 1326, Deported Alien Found in the United States, and for violating the conditions of his supervised release. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. Lopez–Mundo's appeals raise five issues, none of which we find persuasive.

We review de novo Sixth Amendment objections to judicial fact-finding at sentencing based upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1092 (9th Cir.2007). A district court's interpretation of the Federal Sentencing Guide-lines is reviewed de novo, its application of the Guidelines is reviewed for abuse of discretion, and the district court's factual findings are reviewed for clear error. *United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir.2006); *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006). Under *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), all sentences are reviewed on appeal for reasonableness. *Cantrell*, 433 F.3d at 1278.

1. A provision of 8 U.S.C. § 1326 provides for an increase in the maximum sentence where a defendant's removal was subsequent to the commission of an aggravated felony. Lopez–Mundo contends that pursuant to the Sixth Amendment, the fact that he was previously convicted of an aggravated felony must be determined by a jury, not a judge.

Lopez–Mundo's arguments are foreclosed by the Supreme Court's opinion in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and this court's consistent adherence to that case. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1097 (9th Cir.2006) ("Covian also argues that *Apprendi* renders unconstitutional the provisions of § 1326 that allow a judge to increase the maximum sentence from two years to twenty. All of these arguments, however, are squarely foreclosed by our precedents.").

2. Lopez–Mundo contends that a reinstatement order of deportation entered by an immigration official cannot satisfy the removal requirement of 8 U.S.C. § 1326(b) because such an order is ultra vires. Even if we were to determine that Lopez–Mun-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

do had not waived this argument[1] and that it was relevant to his predicament,[2] the argument has now been rejected by this court en banc. *Morales–Izquierdo v. Gonzales,* 477 F.3d 691 (9th Cir.2007) (en banc).

3. Lopez–Mundo's third argument in his appeal from his sentence for violating § 1326 is that the district court improperly treated the Guidelines as creating the presumptive sentence and that the sentence is therefore unreasonable. Even if we assume that it is improper for a district court to treat the Guideline sentencing range as the presumptive sentence, *see United States v. Zavala,* 443 F.3d 1165, 1170 (9th Cir.2006), *rehearing en banc granted sub nom., United States v. Carty,* 462 F.3d 1066 (9th Cir.2006), Lopez–Mundo is not entitled to any relief because we determine that the record in this case shows that the district court properly used the Guideline range as the starting point for determining the sentence, and not as a presumptive sentence. *See Cantrell,* 433 F.3d at 1279 ("18 U.S.C. § 3553(a) is still operative, and requires district courts to take the applicable Guidelines range into consideration when sentencing, along with other sentencing factors enumerated by Congress."). Moreover, Lopez–Mundo does not challenge the district court's calculation of the sentencing range under the Guidelines.

4. Lopez–Mundo's first argument on appeal from the revocation of his supervised release is that the district court erred when it failed to calculate and identify the applicable sentencing range under

the Guidelines. This contention is not persuasive. Because the maximum potential sentence did not exceed 24 months, the court was not required to state its reasons under 18 U.S.C. § 3553(c). Moreover, the record shows that the sentencing range under the Guidelines was calculated in the Probation Report, referred to by the district judge, and not questioned by Lopez–Mundo. We note that the district judge specifically referred to the calculated Guidelines sentence when he accepted Lopez–Mundo's guilty plea and that his attorney acknowledged that Lopez–Mundo was within this sentencing range.

5. Finally, Lopez–Mundo argues that the sentence was unreasonable because the district court considered punishment as a factor in determining the sentence. He relies on our statement in *United States v. Miqbel,* 444 F.3d 1173, 1182 (9th Cir.2006), that "[g]iven that § 3553(a)(2)(A) is a factor that Congress deliberately omitted from the list applicable to revocation sentencing, relying on that factor when imposing a revocation sentence would be improper."

Again, we do not find Lopez–Mundo's arguments persuasive. First, although the district court mentioned punishment when sentencing Lopez–Mundo, we do not think the court relied on this factor. Second, because Lopez–Mundo did not object in the district court to its mention of punishment, the arguments he raises on appeal are reviewed for plain error. *Miqbel,* 444 F.3d at 1176 ("If a defendant fails to object to the district court's failure to adequately

---

**1.** It appears that Lopez–Mundo admitted in the district court that he had been previously removed from the country and that he failed to raise the legal issue in the district court.

**2.** In *United States v. Luna–Madellaga,* 315 F.3d 1224, 1226 (9th Cir.2003), we held that

all that § 1326 "requires is that the alien reenter the United States illegally after having been removed subsequent to an aggravated felony conviction. It plainly turns on the alien's *physical* removal—not the *order* of removal." (emphasis in original).

state reasons, however, the sentence is reviewed for plain error."). Applying the standard for plain error,[3] even assuming that the district court's comment met the first three prongs for plain error, we determine that he has not met the fourth prong, that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Maciel–Vasquez,* 458 F.3d at 996 n. 3. Our review of the record leads us to the firm determination that a 24 month sentence was fully supported by properly considered factors and that the district judge undoubtedly would have imposed the same sentence if Lopez–Mundo had objected to the court's mention of punishment.

For the foregoing reasons, Lopez–Mundo's challenges to his sentences for violating 8 U.S.C. § 1326 and for violating the conditions of his supervised release are rejected and his sentences are **AFFIRMED.**

---

**3.** To prevail under the standard for plain error, Lopez–Mundo must show (1) error, (2) that is plain, (3) that affects substantial rights, and if these three conditions are met, he must show that the error (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Maciel–Vasquez,* 458 F.3d 994, 996 n. 3 (9th Cir. 2006).

