**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

DAVID MARTINEZ-RODRIGUEZ,
       *Defendant-Appellant.*

No. 05-50719

D.C. No.
CR-04-02063-NAJ

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted
October 19, 2006—Pasadena, California

Filed November 21, 2006
Amended January 3, 2007

Before: Harry Pregerson, Ronald M. Gould, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Gould

**COUNSEL**

Stephen D. Demik, Federal Defenders of San Diego, Inc., San Diego, California, for defendant-appellant David Martinez-Rodriguez.

L. Marcel Stewart, Assistant United States Attorney, San Diego, California, for plaintiff-appellee United States of America.

**ORDER**

The government's request to publish paragraph three of the memorandum disposition is GRANTED, and the panel has

decided to publish also paragraph four of the memorandum disposition.

The opinion filed November 21, 2006 is hereby amended as follows:

On slip opinion page 18681, lines 2-3, remove "Martinez challenges his sentence on two grounds" and replace that with "Martinez challenges both his conviction and sentence."

On slip opinion page 18681, before the first full paragraph, add the following paragraph:

> Martinez challenges his conviction by arguing that the district court erred by permitting the government to introduce evidence that he had been previously removed from the United States on two separate occasions. Martinez asserts that the district court erred by not excluding the evidence of his two prior removals under Federal Rule of Evidence 404(b), which excludes evidence of specific instances of conduct in order to show propensity. Martinez also argues that the prejudicial effect of this evidence outweighed its probative value, rendering the evidence inadmissible under Federal Rule of Evidence 403.

On slip opinion page 18681, at the beginning of the first full paragraph, insert "Martinez challenges his sentence on two grounds."

On slip opinion page 18681, footnote 1, line 1, change "issues" to "issue."

On slip opinion page 18682, lines 3 and 4 from the bottom, remove "The jury convicted Martinez of violating § 1326(a)" and instead conclude the paragraph with the following text:

> The evidence the government introduced to prove Martinez's 1994 deportation was different than the

evidence the government introduced to prove Martinez's 1999 deportation in two ways. First, the 1994 warrant of deportation did not contain a picture of Martinez, while the 1999 warrant did. Also, the government agent who executed the 1994 warrant of deportation was unavailable to testify at trial, whereas the agent who executed the 1999 warrant was available to testify before the district court and did. On March 9, 2005, the jury convicted Martinez of violating § 1326(a).

On slip opinion page 18663, insert the following paragraphs under roman numeral "II":

We first address Martinez's challenge to his conviction. Martinez claims that the district court erred by permitting the government to introduce evidence that he had been deported both in 1994 and 1999. In this case, we review the district court's evidentiary rulings for abuse of discretion. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004) (holding that we review Rule 404(b) determinations for abuse of discretion), *amended by* 449 F.3d 1059 (9th Cir. 2006); *United States v. Verduzco*, 373 F.3d 1022, 1029 (9th Cir. 2004) (holding that we review Rule 403 determinations for abuse of discretion).

Martinez asserts that the admission of evidence of his two prior deportations violated Rule 404(b) of the Federal Rules of Evidence. However, Rule 404(b) does not exclude evidence forming an essential element of the charged offense. *See United States v. DeGeorge*, 389 F.3d 1203, 1220 (9th Cir. 2004). Because proving that the defendant has been previously removed is an essential element of the government's case under § 1326, the district court

did not abuse its discretion under Rule 404(b) in admitting evidence of prior deportations.

Martinez also claims, under Rule 403, that the probative value of evidence that he had been twice deported was outweighed by its prejudicial effect. However, because the evidence of each deportation was dissimilar, the government was entitled to introduce evidence of both deportations to hedge the risk that the jury may reject the offered proof of one deportation, but not the other. *See United States v. Weiland*, 420 F.3d 1062, 1078 (9th Cir. 2005). Also, the government did not have any alternative means of proving prior deportation. *See Old Chief v. United States*, 519 U.S. 172, 182 (1997). Because the district court did not abuse its discretion by admitting evidence that Martinez had been previously removed on two separate occasions, we affirm Martinez's conviction and move on to consider his two challenges to his sentence.

After the above paragraphs, insert a roman numeral "III" and continue with the text that currently appears below roman numeral "II."

On slip opinion page 18684, line 4 of the second full paragraph, change "Martinez-Rodriguez" to "Martinez."

On slip opinion page 18688, lines 4 and 5, change "Martinez-Rodriguez's" to "Martinez's."

On slip opinion page 18688, change roman numeral "III" to roman numeral "IV."

**OPINION**

GOULD, Circuit Judge:

A jury convicted David Martinez-Rodriguez ("Martinez") of re-entering the United States after removal in violation of 8 U.S.C. § 1326(a). On August 23, 2005, the district court sentenced Martinez to seventy-seven months imprisonment with three years supervised release. Martinez challenges both his conviction and sentence.[1]

Martinez challenges his conviction by arguing that the district court erred by permitting the government to introduce evidence that he had been previously removed from the United States on two separate occasions. Martinez asserts that the district court erred by not excluding the evidence of his two prior removals under Federal Rule of Evidence 404(b), which excludes evidence of specific instances of conduct in order to show propensity. Martinez also argues that the prejudicial effect of this evidence outweighed its probative value, rendering the evidence inadmissible under Federal Rule of Evidence 403.

Martinez challenges his sentence on two grounds. First, relying on our decision in *United States v. Covian-Sandoval*, 462 F.3d 1090 (9th Cir. 2006), and the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Martinez argues that the district court improperly found that his prior removal "was subsequent to a conviction for commission of an aggravated felony," § 1326(b)(2). Martinez argues that he never admitted this fact, nor was this fact ever proven to a jury beyond a reasonable doubt. The district court relied on Martinez's prior removal subsequent to his aggravated felony conviction to increase his statutory-maximum sentence from two to twenty years under § 1326(b)(2).

---

[1]We address the other issue Martinez raised on appeal in a separately-filed memorandum disposition.

Second, Martinez argues that the district court erred in finding that his prior conviction for possession of marijuana for sale under California Health and Safety Code section 11359 was a drug trafficking offense under the Federal Sentencing Guidelines. The district court relied on Martinez's prior conviction for a drug trafficking offense to apply a sixteen-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2004). 28 U.S.C. § 1291 gives us jurisdiction. We affirm.

I

In 1992, Martinez, a citizen of Mexico, pled no contest in Santa Clara County (California) Superior Court in three separate criminal cases which arose from three separate arrests. In case number 153302, he pled no contest to one count of possession of a controlled substance in violation of California Health and Safety Code section 11350(a) and one count of transportation or sale of marijuana in violation of California Health and Safety Code section 11360(a). In case number 153303, Martinez pled no contest to one count of possession of marijuana for sale in violation of California Health and Safety Code section 11359. And in case number 153304, Martinez pled no contest to another count of possession of marijuana for sale in violation of section 11359. The state court initially sentenced Martinez to four months in prison in each case (resulting in a twelve-month total prison sentence). However, Martinez violated the probation conditions he received upon the conclusion of his initial twelve-month sentence. Upon its revocation of Martinez's probation, the state court sentenced Martinez to two additional years in prison in each case. It appears from the pre-sentence report ("PSR") that Martinez served these two-year sentences concurrently.

On June 9, 2004, a United States Border Patrol Agent encountered Martinez in the Otay Mountain Wilderness in San Diego County, California, about one mile north of the United States-Mexico border. After Martinez indicated that he was a Mexican citizen without documents allowing him to be

in the United States, the Border Patrol Agent arrested him. On August 4, 2004, a grand jury indicted Martinez on one count of violating 8 U.S.C. § 1326(a). Martinez's case went to trial on March 8, 2005.

To obtain a conviction for illegal re-entry, § 1326(a) requires the government to prove, inter alia, that the defendant has been previously removed from the United States. At trial, to prove Martinez's prior removal, the government introduced four pieces of evidence: an order of an immigration judge from 1994, ordering Martinez removed from the United States; a warrant of deportation from 1994, indicating that Martinez had been physically removed from the United States; a reinstatement of the 1994 order of removal from 1998; and a warrant of deportation from 1999. The evidence the government introduced to prove Martinez's 1994 deportation was different than the evidence the government introduced to prove Martinez's 1999 deportation in two ways. First, the 1994 warrant of deportation did not contain a picture of Martinez, while the 1999 warrant did. Also, the government agent who executed the 1994 warrant of deportation was unavailable to testify at trial, whereas the agent who executed the 1999 warrant was available to testify before the district court and did. On March 9, 2005, the jury convicted Martinez of violating § 1326(a).

Martinez's PSR reflected his two 1992 convictions of possessing marijuana for sale in violation of California Health and Safety Code section 11359. At sentencing, the district court determined that Martinez's two convictions for violating section 11359 were "conviction[s] for commission of an aggravated felony," § 1326(b)(2), and concluded that Martinez's statutory-maximum sentence was twenty years. The district court also found that Martinez's two prior convictions for possession of marijuana for sale under section 11359 were convictions for drug trafficking offenses for the purpose of the Federal Sentencing Guidelines. *See* U.S.S.G. § 2L1.2(b)(1)(A). Because of the drug trafficking offense con-

victions, the district court applied a sixteen-level enhancement to Martinez's sentence. *See id.* Calculating Martinez's Guideline range to be between seventy-seven and ninety-six months, the district court sentenced Martinez to seventy-seven months in prison with three years supervised release.

## II

We first address Martinez's challenge to his conviction. Martinez claims that the district court erred by permitting the government to introduce evidence that he had been deported both in 1994 and 1999. In this case, we review the district court's evidentiary rulings for abuse of discretion. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004) (holding that we review Rule 404(b) determinations for abuse of discretion), *amended by* 449 F.3d 1059 (9th Cir. 2006); *United States v. Verduzco*, 373 F.3d 1022, 1029 (9th Cir. 2004) (holding that we review Rule 403 determinations for abuse of discretion).

Martinez asserts that the admission of evidence of his two prior deportations violated Rule 404(b) of the Federal Rules of Evidence. However, Rule 404(b) does not exclude evidence forming an essential element of the charged offense. *See United States v. DeGeorge*, 389 F.3d 1203, 1220 (9th Cir. 2004). Because proving that the defendant has been previously removed is an essential element of the government's case under § 1326, the district court did not abuse its discretion under Rule 404(b) in admitting evidence of prior deportations.

Martinez also claims, under Rule 403, that the probative value of evidence that he had been twice deported was outweighed by its prejudicial effect. However, because the evidence of each deportation was dissimilar, the government was entitled to introduce evidence of both deportations to hedge the risk that the jury may reject the offered proof of one deportation, but not the other. *See United States v. Weiland*,

420 F.3d 1062, 1078 (9th Cir. 2005). Also, the government did not have any alternative means of proving prior deportation. *See Old Chief v. United States*, 519 U.S. 172, 182 (1997). Because the district court did not abuse its discretion by admitting evidence that Martinez had been previously removed on two separate occasions, we affirm Martinez's conviction and move on to consider his two challenges to his sentence.

## III

Martinez first argues, relying on *Apprendi* and its progeny, that the district court erred by judicially finding that, because Martinez's prior "removal was subsequent to a conviction for commission of an aggravated felony," § 1326(b)(2), Martinez's statutory-maximum sentence was twenty years, rather than the generally-applicable two-year maximum sentence found in § 1326(a). He argues that the district court's finding that he was removed after being convicted of an aggravated felony violates *Apprendi* because it increased his statutory-maximum sentence on the basis of facts not alleged in the indictment, proven to the jury, or admitted by him. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). We review de novo whether Martinez-Rodriguez's sentence violates *Apprendi*. *United States v. Smith*, 282 F.3d 758, 771 (9th Cir. 2002). We hold that, in this case, because all of the evidence of prior removal presented to the jury related to removals that were subsequent to Martinez's prior aggravated felony conviction, the jury necessarily found beyond a reasonable doubt that Martinez's prior "removal was subsequent to a conviction for commission of an aggravated felony," § 1326(b)(2).

**[1]** Section 1326(a) provides that any alien who violates that section "shall be . . . imprisoned not more than 2 years." However, § 1326(b)(2) modifies the two-year statutory-

maximum sentence provided for in § 1326(a) by stating that "[n]otwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . . whose removal was subsequent to a conviction for the commission of an aggravated felony, such alien shall be . . . imprisoned not more than 20 years." Thus, in order for the twenty-year statutory-maximum sentence to apply, (1) the defendant must have been convicted of an aggravated felony and (2) thereafter, the defendant must have been removed from the United States.

**[2]** Under this standard, the first step in our analysis is determining whether Martinez was convicted of an aggravated felony. The district court found, at sentencing, that Martinez pled no contest to two counts of possession of marijuana for sale under California Health and Safety Code section 11359 in 1992. Our precedent forecloses Martinez's argument the district court violated *Apprendi* by finding the fact of his prior aggravated felony conviction.

For example, in *United States v. Reyes-Pacheco*, 248 F.3d 942, 943-44 (9th Cir. 2001) the defendant contended that "the district court improperly enhanced his [§ 1326] sentence on the basis of a prior aggravated felony conviction that was neither admitted nor charged in the indictment and proven beyond a reasonable doubt." We found that the defendant's argument was foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *Reyes-Pacheco*, 248 F.3d at 944. In *Almendarez-Torres*, the Supreme Court held that § 1326(b)(2) "simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." 523 U.S. at 226. The Court in *Almendarez-Torres* rejected the argument that, because the fact of recidivism increased the maximum term to which a defendant could be sentenced, recidivism was an element of the crime that must be charged in the indictment and proven beyond a reasonable doubt. *Id.* at 239.

**[3]** Martinez argues that the Supreme Court has effectively overruled *Almandarez-Torres*. We again reiterate that, while *Apprendi* may cast doubt on the continuing viability of *Almendarez-Torres*, *Almendarez-Torres* remains the law unless and until it is overruled by the Supreme Court. *Reyes-Pacheco*, 248 F.3d at 945; *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000). Thus, the district court properly concluded that Martinez's convictions for possession for marijuana for sale were aggravated felony convictions. We hold that "[t]he district court did not err by considering [Martinez's] prior aggravated felony conviction[s] despite the fact that such conduct was neither admitted nor charged in the indictment, presented to a jury, and proven beyond a reasonable doubt." *Reyes-Pacheco*, 248 F.3d at 945.[2]

**[4]** The second step in determining whether the district court correctly subjected Martinez to the twenty-year statutory-maximum sentence in § 1326(b)(2) requires us to examine whether the district court correctly found that Martinez had been removed from the United States and that the removal occurred after his prior convictions for possession of marijuana for sale. In finding Martinez guilty of illegal re-entry under § 1326(a), the jury necessarily found that Martinez had been removed from the United States, because prior removal is an element of the government's § 1326(a) case. However, Martinez argues that because he did not admit and the jury did not find the date of his prior removal, his statutory-maximum sentence was only two years. He argues that the district judge violated *Apprendi* by finding that his prior removal was subsequent to his 1992 aggravated felony conviction. In support of this argument, Martinez relies on our decision in *Covian-Sandoval*, 462 F.3d 1090.

---

[2]Martinez's argument that § 1326(b) is unconstitutional is foreclosed by our decision in *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006) ("[W]e reject Maciel's argument that 8 U.S.C. § 1326(b)(2) is unconstitutional.").

In *Covian-Sandoval*, the defendant pled guilty to a charge of illegal re-entry and admitted that he was deported in 1997. *See id.* at 1092. At sentencing, the district court, consistent with *Almendarez-Torres*, found that the defendant had been convicted of an aggravated felony in 2002. *See id.* at 1097. Because the defendant's previous removal in 1997 was *prior* to his 2002 aggravated felony conviction, he did not qualify for the twenty-year statutory-maximum sentence in § 1326(b)(2). However, the district court, relying on the PSR, found that the defendant had been again deported in 2004. *See id.* The district court thus applied the twenty-year statutory-maximum sentence because the defendant was deported subsequent to his 2002 aggravated felony conviction. *Id.*

We held that it was error for the district court to rely on the 2004 removal to enhance the defendant's statutory-maximum sentence. *Id.* Citing *Apprendi*, we explained that

> unlike the fact of a prior conviction at issue in *Almendarez-Torres*, the fact of an alien's prior removal or departure is plainly one of the elements of the crime for which Covian was convicted. Accordingly, it must be proved beyond a reasonable doubt to a jury or admitted by the defendant.

*Id.* at 1098 (citations omitted). Because "[t]he fact of a prior conviction is the *only* fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court," we concluded that the district court erred by "[finding] the existence of a subsequent removal that was neither proven beyond a reasonable doubt at trial nor admitted by Covian." *Id.* at 1097-98.[3]

---

[3]Because Covian did not raise this *Apprendi* argument at sentencing, we reviewed under our plain error standard. *Covian-Sandoval*, 462 F.3d at 1093. Finding that the district court's error did not affect Covian's substantial rights, we affirmed his sentence. *Id.* at 1098-99.

Martinez analogizes his case to *Covian-Sandoval*, contending that the *date* of his removal was not proven to a jury or admitted by him. Since the jury never explicitly found the fact that Martinez's prior removal was after his 1992 aggravated felony conviction, he argues that he was improperly subjected to a twenty-year statutory-maximum sentence based on facts found only by the district judge. We are not persuaded by Martinez's application of *Covian-Sandoval*.

**[5]** In *Covian-Sandoval*, the prior removal admitted by the defendant was inadequate to support the application of the twenty-year statutory maximum, so the district judge improperly found the fact of another, qualifying, removal. By contrast, in this case, the jury found beyond a reasonable doubt that Martinez had been previously removed from the United States, because prior removal is an element of the crime defined in § 1326(a). At trial, the jury was presented with evidence that Martinez was deported in both 1994 and 1999. Both of these removals were after Martinez's 1992 aggravated felony conviction and thus were adequate to support the application of the twenty-year statutory-maximum sentence. The district court did not need to determine the date of Martinez's deportation because the jury necessarily found that Martinez was deported after his prior convictions. The salient point is that the only evidence of deportation presented to the jury was from 1994 and 1999, and both were after his 1992 aggravated felony conviction.

**[6]** The fact of "removal . . . *subsequent* to a conviction for commission of an aggravated felony," § 1326(b)(2) (emphasis added), was proven to the jury beyond a reasonable doubt in this case. Whether the jury found the evidence of the 1994 removal more persuasive or the evidence of the 1999 removal more persuasive, either removal was subsequent to Martinez's 1992 aggravated felony conviction. We hold that the sentencing court did not erroneously find either the fact of prior removal or its date because the jury necessarily found, beyond a reasonable doubt, that Martinez had been previously

removed subsequent to his prior aggravated felony convictions.

## IV

**[7]** Martinez next argues that the district court erred in enhancing his sentence by sixteen levels because of his two prior convictions for possession of marijuana for sale under California Health and Safety Code section 11359. The Sentencing Guidelines permit such an enhancement if the defendant previously was deported after being convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A). We review de novo the district court's decision to enhance Martinez's sentence on the basis of U.S.S.G. § 2L1.2. *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049 (9th Cir. 2003). We hold that a prior conviction for possession of marijuana for sale under section 11359 categorically qualifies as a "drug trafficking offense" under the Guidelines.

**[8]** To determine whether the district court properly applied the sixteen-level sentence enhancement, we must determine whether a violation of section 11359 is a "drug trafficking offense." We apply the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a prior state law conviction forms a predicate for sentence enhancement under the Guidelines. *United States v. Cortez-Arias*, 403 F.3d 1111, 1114 (9th Cir. 2005). Under the categorical approach, we look only to the statutory definition of the defendant's prior offense and compare it to the Guidelines' generic definition of the predicate offense. *See Taylor*, 495 U.S. at 600; *United States v. Franklin*, 235 F.3d 1165, 1169 (9th Cir. 2000). Martinez's prior convictions under section 11359 qualify as drug trafficking offenses only if the full range of conduct proscribed by section 11359 falls within the Guidelines' definition of drug trafficking offense. *See Taylor*, 495 U.S. at 599; *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999).

The Sentencing Guidelines define drug trafficking offense as follows:

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). Section 11359, entitled "Possession for sale," provides: "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." Our analysis of whether the conduct proscribed by section 11359 falls entirely within the Guidelines' definition of drug trafficking offense is guided by our decision in *United States v. Sandoval-Venegas*, 292 F.3d 1101 (9th Cir. 2002).

**[9]** In *Sandoval-Venegas*, we had to determine whether a conviction under section 11359 was, categorically, a "controlled substance offense" under the Guidelines. *Id.* at 1107. We examined the Guidelines' definition of controlled substance offense, the text of section 11359, and the relevant California case law interpreting section 11359 and concluded that "California Health & Safety Code § 11359 comfortably fits within the Guidelines definition as a qualifying offense." *Id.*

**[10]** The Guidelines define a controlled substance offense as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with

intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). This definition is identical to the Guidelines' definition of drug trafficking offense except (1) a prior conviction need only be punishable by a prison term exceeding one year to qualify as a controlled substance offense, whereas, to qualify as a drug trafficking offense, the prison sentence imposed for a prior conviction must exceed thirteen months and (2) a prior conviction under "local" law can qualify as a conviction for a drug trafficking offense, whereas to qualify as a conviction for a controlled substance offense, the conviction must be under state or federal law. Neither of these differences is material to this case, as Martinez's prior convictions under California state law resulted in a sentence that, for Guidelines purposes, exceeded thirteen months.[4]

Martinez nevertheless argues that, because California's definition of constructive possession is broader than the federal definition of constructive possession, a violation of section 11359 is not a drug trafficking offense under the categorical approach. To constructively possess contraband under federal

---

[4]Martinez argues that the district court erred in concluding that the sentence imposed for his prior convictions for violating section 11359 exceeded thirteen months. In 1992, in state court, there were three separate cases pending against Martinez. In two of the cases, Martinez was convicted of one count of violating section 11359. The state court sentenced Martinez to three four-month sentences (one sentence for each case) that ran consecutively. In 1993, Martinez's probation was revoked and the state court sentenced him to two additional years in prison in each of the three cases. Martinez served these three two-year sentences concurrently. In determining the length of the sentence imposed under U.S.S.G. § 2L1.2, "[t]he length of sentence imposed includes any term of imprisonment given upon revocation of probation." U.S.S.G. § 2L1.2 cmt. n.1(B)(vii). Martinez's original sentence for the drug trafficking offense in each case was four months. To that, we add the two-year sentence imposed upon his revocation of probation in each case to conclude that the sentence imposed for each of his two prior drug trafficking convictions was two years and four months for the purpose of U.S.S.G. § 2L1.2.

law, the defendant must know of the existence of the contraband. *See United States v. Behanna*, 814 F.2d 1318, 1319 (9th Cir. 1987) ("In order to prove constructive possession of property, the government must demonstrate that the defendant both knows of the presence of the contraband and has power to exercise dominion and control over it."); *see also United States v. Ruiz*, 462 F.3d 1082, 1089-90 (9th Cir. 2006). Martinez claims that, under California law, a defendant may have constructive possession of contraband when he simply has the right to control the contraband, even if the defendant has no knowledge of the existence of the contraband.

We rejected this argument in *Sandoval-Venegas* and we reject it again today. "[U]nder California law, possession requires knowledge." *Sandoval-Venegas*, 292 F.3d at 1107 (citing *People v. Meza*, 45 Cal. Rptr. 2d 844, 846 (Ct. App. 1995)); *People v. Harris*, 99 Cal. Rptr. 2d 618, 620 (Ct. App. 2000) ("Unlawful possession of a controlled substance for sale requires proof the defendant possessed the contraband with the intent of selling it and with knowledge of both its presence and illegal character." (internal quotation omitted)). We rely upon our holding in *Sandoval-Venegas* that

> California's possession for sale closely mirrors the federal statute that criminalizes possession with intent to distribute. *See* 21 U.S.C. § 841(a); *United States v. Cervantes*, 219 F.3d 882, 893 n.11 (9th Cir. 2000) ("Constructive possession requires that the defendant both knew of the controlled substance's presence and had the power to exercise dominion and control over it.")[, *abrogated on other grounds by Brigham City v. Stewart*, 126 S. Ct. 1943 (2006)]. California does not, as [the defendant] argues, criminalize the mere power to control the narcotic; instead, the offender must knowingly control it with the specific intent to sell it or to have someone else sell it.

*Sandoval-Venegas*, 292 F.3d at 1107 (citation omitted).

Next, Martinez argues that, because aiding and abetting liability is broader under California law than under federal law, his convictions for violating section 11359 cannot categorically qualify as drug trafficking offenses under the Sentencing Guidelines. Martinez relies primarily on *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc). We noted in *Corona-Sanchez* that "[u]nder California law, aiding and abetting liability is quite broad, extending even to promotion and instigation." *Id.* at 1208. Relying in part on this broad conception of aiding-and-abetting liability, we held that California's general theft statute did not categorically qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *Id.*

However, Martinez's sentence was enhanced not as an aggravated felony under § 1101(a)(43), but rather under the Sentencing Guidelines. The Sentencing Guidelines contain the following application note which disposes of Martinez's argument: "Prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting . . . such offenses." U.S.S.G. § 2L1.2 cmt. n.5. A conviction for aiding and abetting a drug trafficking offense qualifies as a predicate offense under the Guidelines.

**[11]** In conclusion, *Sandoval-Venegas* held that section 11359 "comfortably fits within the Guidelines' definition" of a controlled substance offense. 292 F.3d at 1107. The Guidelines' definition of a drug trafficking offense does not differ, in any way pertinent to this case, from the Guidelines' definition of controlled substance offense. We hold that, under *Taylor*'s categorical approach, the full range of conduct proscribed by California Health and Safety Code section 11359 falls within the Guidelines' definition of drug trafficking offense. The district court did not err by relying on Martinez's two prior convictions for violating section 11359 to

enhance his sentence by sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A).[5]

**AFFIRMED.**

---

[5]At oral argument, government counsel suggested that Martinez's 1997 conviction for transportation and sale of a controlled substance (cocaine) under California Health and Safety Code section 11352(a) qualified as a prior conviction for a drug trafficking offense under the Guidelines. Because we hold that section 11359 is categorically a drug trafficking offense, we do not reach this argument.