**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fredys Jose SOLORZANO– CALDERON, Defendant– Appellant.**

No. 06–50184.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 27, 2007.

Carol A. Trujillo, AUS, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Matthew C. Shaftel, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

Fredys Jose Solorzano–Calderon appeals his conviction and 51–month sentence for being a deported alien found in the United States without permission, in violation of 8 U.S.C. § 1326.

1. The district court did not violate Solorzano–Calderon's Sixth Amendment right of confrontation by limiting his cross-examination of the government's A-file custodian where no proper foundation was laid. *See City of Long Beach v. Standard Oil Co. of California,* 46 F.3d 929, 937 (9th Cir.1995). Additionally, Solorzano–Calderon was not prevented from presenting "relevant testimony[.]" *United States v. Lo,* 231 F.3d 471, 482–83 (9th Cir.2000) (citation omitted).

2. Any error in the district court's decision to permit the government's expert witness to testify, and declining to grant a continuance, is not grounds for reversal because Solorzano–Calderon was not prejudiced. *See United States v. Figueroa–Lopez,* 125 F.3d 1241, 1247 (9th Cir.1997); *see also United States v. Gonzalez–Rincon,* 36 F.3d 859, 865 (9th Cir.1994) (acknowledging no prejudice where no evidence was presented regarding expert testimony that would have been obtained).

3. The district court did not err in instructing the jury regarding the elements of § 1326. *See United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006) (approving a similar instruction).

4. Because only one deportation date was submitted to the jury, "the jury necessarily found beyond a reasonable doubt that [Solorzano–Calderon's] prior removal was subsequent to a conviction for commission of an aggravated felony" under § 1326(b)(2). *United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1092 (9th Cir. 2007), *as amended* (citation and internal quotation marks omitted).

5. Solorzano–Calderon's argument that the district erred in enhancing his sen-

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tence based on his 1991 first-degree child molestation conviction is foreclosed by *United States v. Covian–Sandoval*, 462 F.3d 1090, 1096 (9th Cir.2006) (permitting enhancement for a prior conviction), as is his challenge to the constitutionality of § 1326(b), *see id.* at 1096–97.

**CONVICTION AND SENTENCE AFFIRMED.**

---

\* The Honorable Donald W. Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

