**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard Patrick BAUTISTA,**
**Defendant–Appellant.**

**No. 06–30425.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed April 27, 2007.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**664**

Baron C. Sheldahl, Esq., Stephen F. Peifer, Esq., Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

Francesca Freccero, Esq., Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Richard Patrick Bautista ("Bautista") appeals his sentence after his guilty plea conviction for bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's sentence.[1]

The district court found that Bautista was a career offender under U.S.S.G. § 4B1.1 because both of Bautista's previous convictions were crimes of violence. Bautista argues that his sentence should be vacated because his 1996 conviction for Unlawful Use of a Weapon, in violation of Or.Rev.Stat. § 166.220(1)(b),[2] is not a crime of violence.[3] We review this de novo. *See United States v. Piccolo,* 441 F.3d 1084, 1086 (9th Cir.2006).

Relevant to Bautista's appeal, a conviction is a crime of violence if it "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). We use a two-step process to determine if a prior conviction satisfies this definition. *See United States v. Sandoval–Venegas,* 292 F.3d 1101, 1106 (9th Cir.2002). First, we apply the categorical approach from *Taylor v. United States,* 495 U.S. 575, 588–89, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) to analyze the statutory definition of the crime. *Sandoval–Venegas,* 292 F.3d at 1106.[4] Second, if needed, we use the modified categorical approach to examine documentation or judicially noticeable facts. *Id.* The United States Supreme Court recently instructed that to conclude that a statute applies to conduct "outside the generic

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

2. Or.Rev.Stat. § 166.220(1)(b) applies to a person who:

    Intentionally discharges a firearm, blowgun, bow and arrow, crossbow or explosive device within the city limits of any city or within residential areas within urban growth boundaries at or in the direction of any person, building, structure or vehicle within the range of the weapon without having legal authority for such discharge. *Id.*

3. Bautista's other prior conviction was Armed Bank Robbery in 1998, in violation of 18 U.S.C. § 2113(a) and (d).

4. Only "if the full range of conduct proscribed" by the relevant statute "falls within the Guidelines' definition of" a crime of violence does a prior conviction satisfy the categorical approach. *United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1095 (9th Cir. 2007).

definition of a listed crime ... requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *See Gonzales v. Duenas–Alvarez,* —— U.S. ——, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007); *James v. United States,* —— U.S. ——, ——, 127 S.Ct. 1586, 1597, 167 L.Ed.2d 532 (2007) (emphasizing that *Taylor's* categorical approach does not require that a statute cover "every conceivable factual offense" but "[r]ather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another").

We hold that, in light of *Duenas–Alvarez,* and *James,* a conviction under Or.Rev. Stat. § 166.220(1)(b) is categorically a crime of violence. Any violation of that statute that the government would realistically prosecute in our view "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).[5]

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

**5.** Alternatively, we would affirm under a modified categorical approach.  Bautista's plea petition stated, "on 2/3/96 I intentionally shot a gun in the direction of a vehicle."  Again in light of *Duenas–Alvarez,* and *James,* we hold that any realistic probability of prosecution by the government for firing a gun in the direction of a vehicle would involve conduct that presents a serious potential risk of physical injury to another.