**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Orvill ALAMILLA–MARVAN, Defendant–Appellant.**

No. 06–50123.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed June 13, 2007.

Edward C. Weiner, Esq., Roger W. Haines, Jr., Esq., Stephen M. Tokarz, Esq., Andrew G. Schopler, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Stephen D. Demik, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

## MEMORANDUM **

Orvill Alamilla–Marvan (Alamilla) appeals his conviction and sentence for violations of 8 U.S.C. § 1326 (Deported Alien Found in the United States) and 18 U.S.C. § 758 (High Speed Flight from Immigration Checkpoint).

**1.** Evidence of the automobile accident was relevant to determining the speed of Alamilla's car. Additionally, any prejudice did not *substantially* outweigh the probative value of the evidence under Federal Rule of Evid. 403.

**2.** Although evidence of more than one date of removal was presented at trial, the removal subsequent to Alamilla's aggravated felony conviction was the focus of the government's presentation. Thus, if *Apprendi* error, it was harmless. *See United States v. Martinez–Rodriguez,* 468 F.3d 1182, 1187 (9th Cir.2006).

**3.** The district court did not err in enhancing Alamilla's sentence for aggravated assault and serious bodily injury. The record reflects that Alamilla intended to make contact with the pursuing police vehicles. Additionally, no intent is required if the defendant caused "serious bodily injury." *See* United States Sentencing Guideline § 2A2.2 cmt. n. 1 (2006). The district court's finding of serious bodily injury was supported by the victim's need for months of on-going physical therapy and her medical difficulties. Finally, no evidentiary hearing was required because Alamilla was provided a "reasonable opportunity to present information to the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court." *United States v. Real–Hernandez,* 90 F.3d 356, 362 (9th Cir.1996) (citations and internal quotation marks omitted).[1]

4. Alamilla's argument that the district court engaged in impermissible double-counting is foreclosed by *United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993).

5. Alamilla's argument that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) has been effectively overruled, is also foreclosed by applicable precedent. *See Martinez–Rodriguez,* 468 F.3d at 1185.

6. Alamilla's challenge to the district court's imposition of restitution is unavailing. Section 758 includes the necessary intent under 18 U.S.C. § 3663A to qualify as a "crime of violence." *See United States v. Campos–Fuerte,* 357 F.3d 956, 961 (9th Cir.2004), *as amended, superseded by statute on other grounds, see also* California Vehicle Code § 2800.2. Although there was no complete accounting of the victim's losses, Alamilla objected only to the existence of damages, and the application of § 3663A, not to the accounting methodology. We therefore review for plain error. *See United States v. Zink,* 107 F.3d 716, 718 (9th Cir.1997). Because there is an equal likelihood that the amount of restitution would increase if remanded, Alamilla has failed to carry this burden.

**AFFIRMED.**

---

1. At oral argument, Alamilla challenged the district court's application of Fed. R.Crim. Pro. 32. Because Alamilla failed to sufficiently raise this contention in his opening brief, it is waived. *See Milne v. Hillblom,* 165 F.3d 733, 737 n. 6 (9th Cir.1999). Additionally, Alamilla specifically argued his factual contentions before the district court, which rejected the arguments throughout numerous sentencing proceedings. Alamilla's situation is thus distinguishable from *United States v. Houston,* 217 F.3d 1204 (9th Cir.2000), upon which he relies.