[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16572
Non-Argument Calendar

_____

D. C. Docket No. 06-00008-CR-02-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON DENISE BELT,
a.k.a. Sharon Denise Edwards,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 12, 2007)**

Before ANDERSON, DUBINA  and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Sharon Belt appeals her convictions for conspiracy to knowingly

cause false representations to be made with respect to information required to be kept in the records of a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. § 371, and two counts of knowingly causing false representations to be made with respect to information required to be kept in the records of a firearm licensee on June 17, 2005, and June 24, 2005, respectively, in violation of 18 U.S.C. § 924(a)(1)(A).[1]  Belt argues that the district court erred by (1) denying her motion for judgment of acquittal and (2) allowing the government to ask her if law enforcement officers had lied under oath.

I.

"Sufficiency of the evidence is a question of law that we review *de novo*." *United States v. Gupta*, 463 F.3d 1182, 1193 (11th Cir. 2006) *cert. denied*, 127 S. Ct. 2446 (2007).  In reviewing the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1193-94 (quotation marks omitted).  Furthermore, we resolve all reasonable inferences in favor of the jury's verdict.  *Id.* at 1194.  Moreover, credibility determinations are the sole province of the jury.  *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).  Reversal is not

_____

[1] Belt's ex-husband, Terrell Belt, was initially a co-appellant.  However, he absconded following perfection of the appeal, and his appeal has been dismissed.

appropriate unless "no trier of fact could have found guilt beyond a reasonable doubt." *United States v. Garcia-Jaimes*, 484 F.3d 1311, 1321 (11th Cir. 2007) (quotation marks omitted).

If the jury disbelieves a defendant's testimony, it may be considered as substantive evidence of guilt. *United States v. Woodard*, 459 F.3d 1078, 1087 (11th Cir. 2006). In other words, "when a defendant chooses to testify, [s]he runs the risk that if disbelieved the jury might conclude the opposite of [her] testimony is true." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995) (quotation marks omitted).

In order to prove a conspiracy under 18 U.S.C. § 371, the government must prove beyond a reasonable doubt that two or more people made an agreement to commit a crime against the United States and that one of the people performed an overt act in furtherance of the agreement. *United States v. Guerra*, 293 F.3d 1279, 1285 (11th Cir. 2002). "The existence of the conspiracy may be proved by circumstantial evidence and may be inferred from concert of action." *Id.*

Under 18 U.S.C. § 924(a)(1)(A), a person is prohibited from knowingly making false statements or representations with respect to information federally licensed firearm dealers must keep in their records. In *United States v. Nelson*, 221 F.3d 1206 (11th Cir. 2000), we held that a false representation made with respect

3

to the identity of the actual buyer of a firearm is prohibited under § 924(a)(1)(A). *Id.* at 1209. We also held that the "actual buyer" for the purpose of ATF 4473 Form is the person who supplies the money for and intends to possess the firearms, not the "straw man" or agent. *Id.* at 1210. Moreover, in *United States v. Ortiz*, 318 F.3d 1030, 1038 (11th Cir. 2003), we held that a purchaser is the actual buyer "*only if* the purchase of firearms is for [herself] or for a gift . . . ." *Id.* at 1038. Therefore, if the person buying them has no intention of keeping them for herself or giving them as a gift, she misrepresents that she is the "actual buyer." *Id.*

Here, the record evidence demonstrates that Belt and her ex-husband made an agreement to make a false statement indicating that Belt was the actual buyer of guns when they actually intended to turn around and sell the guns. Moreover, there was evidence that on two occasions, Belt attested that she was the actual purchaser of the guns when she did not intend to keep the guns for herself or give them away as a gift. Finally, there was evidence that Belt gave the guns to her ex-husband who sold them at the flea market. Accordingly, we conclude that the evidence was sufficient to support the jury's verdict on all three counts, and the district court did not err by denying Belt's motion for judgment of acquittal.

## II.

We normally review claims of prosecutorial misconduct *de novo*. *United*

4

*States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir.) *cert. denied*, 127 S. Ct. 1305

(2006).

> To establish prosecutorial misconduct, (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant.  A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different.  When the record contains sufficient independent evidence of guilt, any error is harmless.

*Id*.  (quotation marks and citations omitted).  We have identified the following four

factors to consider in determining whether or not conduct had a reasonable

probability to change the outcome of a trial:

> (1) the degree to which the challenged remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether they are isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the competent proof to establish the guilt of the accused.

*Davis v. Zant*, 36 F.3d 1538, 1546 (11th Cir. 1994) (citations omitted) (habeas

context).

However, where, as here, the defendant fails to raise an issue in the district

court, we review for plain error.  *United States v. Shelton*, 400 F.3d 1325, 1328

(11th Cir. 2005).  Under the plain error standard, we may not reverse unless there

is "(1) error, (2) that is plain, and (3) that affects substantial rights."  *Id*. at 1328-29

(quotation marks removed).  If these three conditions are met, we then may reverse

only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1329 (quotations marks removed).

Although we may not have addressed, in a published opinion, the propriety of asking one witness if another witness was lying, at least six other circuits have found that, because credibility determinations are the sole province of the jury, such questions are technically improper. *See United States v. Harris*, 471 F.3d 507, 511 (3d Cir. 2006); *United States v. Thomas*, 453 F.3d 838, 846 (7th Cir. 2006); *United States v. Sanchez*, 176 F.3d 1214, 1220 (9th Cir. 1999); *United States v. Sullivan*, 85 F.3d 743, 750 (1st Cir. 1996); *United States v. Boyd*, 54 F.3d 868, 871 (D.C. Cir. 1995); *United States v. Richter*, 826 F.2d 206, 208 (2nd Cir. 1987).[2]

Here, even if we concluded that it was improper for the government to ask Belt whether the law enforcement officers had lied under oath, in light of our lack of established case law in this area, it was not plain error for the district court to allow the government to ask those questions. Regardless, assuming, *arguendo*, that it had been plain error, we conclude that Belt would not be entitled to reversal because her substantial rights were not affected by the questions. Given that Belt had called one of the officers hostile and mean and had given testimony flatly

---

[2] Despite finding that such questions were improper, the courts in many of the cited cases also found that reversal was not appropriate. *See Harris*, 471 F.3d at 511.

contradicting that of all of the officers, we conclude that it is unlikely that the government's questions affected the outcome of the trial.

For the above-stated reasons, we affirm Belt's convictions.

**AFFIRMED.**