**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Trinidad TIRADO, aka Hector Miguel Vazquez–Irizarry,**
**Defendant–Appellant.**

No. 06–10529.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed July 23, 2008.

Craig S. Denny, Elizabeth A. Olson, USRE–Office of the U.S. Attorney, Reno, NV, Robert L. Ellman, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia, for Defendant–Appellant.

Before: SCHROEDER, J. WALKER,* and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jose Trinidad Tirado appeals from his jury-trial conviction and 120–month sentence for conspiracy to possess with intent to distribute methamphetamine, conspiracy to distribute methamphetamine, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Tirado contends that the government committed prosecutorial misconduct by improperly referring to inadmissible evidence of prior acts when questioning him on cross-examination, and by improperly asking him to comment on the veracity of a federal law enforcement officer. He further contends that the district court erred by failing to properly instruct the jury on the intent element of possession with intent to distribute, and by imposing a statutory minimum sentence in the absence of an explicit jury determination of the actual amount of pure methamphetamine involved in the offense.

Because Tirado failed to object to these alleged errors at trial, we review these contentions under the deferential plain error standard. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Sine,* 493 F.3d 1021, 1038 (9th Cir.2007). Under that standard, we may reverse only if an error is plain, affects Tirado's substantial

rights, and undermines confidence in the fairness, integrity, or public reputation of judicial proceedings. *See Sine,* 493 F.3d at 1038; *see also United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (holding that to establish reversible plain error, a defendant must establish that the probability of a different result absent the error is sufficient to undermine confidence in the outcome of the proceeding).

Prior to trial, the district court ruled that prior acts evidence, including Tirado's 1999 felony conviction for being an illegal alien in possession of a firearm, and testimony from Tirado's girlfriend regarding his alleged prior involvement in drug trafficking, was inadmissible pursuant to Rule 404(b) of the Federal Rules of Evidence. However, the district court left open the possibility that the conviction would be admissible for impeachment purposes pursuant to Rule 609(a)(1), should Tirado elect to testify in his own defense at trial. The record discloses that Tirado's attorney advised him not to testify, for fear that Tirado's testimony could make him vulnerable to impeachment with the previously excluded prior acts evidence. When Tirado nevertheless elected to testify, the district court ruled that the 1999 conviction was admissible for impeachment pursuant to Rule 609(a)(1).

On direct examination, Tirado generally denied knowledge of and involvement in the instant offenses. When asked on cross-examination about his knowledge of methamphetamine, Tirado responded that he had heard of it but had "never done it or done anything with it," and denied knowing "what a drug is." In response, the government asked Tirado, "[I]sn't it true that back in 1999 when you were

* The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

convicted of a felony offense, you told a law enforcement officer that a pound of cocaine belonged to you?" The defense did not object to the question, and Tirado denied making the statement. When asked whether the interviewing officer "was making that up," Tirado responded that he had no idea how he came to be charged in the prior offense, and claimed that he was actually innocent of the offense for which he was convicted in 1999. In light of Tirado's responses, the government called Tirado's girlfriend as a rebuttal witness. In her rebuttal testimony, Tirado's girlfriend said that Tirado previously told her that he sold methamphetamine, and that she had observed Tirado pick up methamphetamine from another person's residence and store methamphetamine under the sink in his trailer.

■ Tirado contends that the government committed misconduct by cross-examining him about his statement admitting ownership of cocaine in 1999. He further contends that the prosecutor improperly introduced the rebuttal testimony of Tirado's girlfriend in violation of a prior order excluding this evidence. The government counters that Tirado "opened the door" to impeachment with such evidence by giving testimony that left a misleading impression of his knowledge of and prior involvement with illegal drugs. We agree with the government.

"[I]ncorporating inadmissible evidence into questioning can constitute prosecutorial misconduct." *Sine*, 493 F.3d at 1032 n. 8 (citing *United States v. Sanchez*, 176 F.3d 1214, 1222 (9th Cir.1999)). However, a defendant's partial, misleading use of otherwise-inadmissible evidence can open the door to rebuttal by use of such evidence. *See id.* at 1038. "[T]he 'opening the door' principle allows parties 'to introduce evidence on the same issue to rebut any *false* impression that might have resulted from the earlier admission.'" *Id.* at

1037 (quoting *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir.1988)). Here, Tirado's testimony that he did not know "what a drug is" left a misleading impression of his knowledge and intent in the instant case, and opened the door to evidence to rebut that impression. *See United States v. Mendoza–Prado*, 314 F.3d 1099, 1105 (9th Cir.2002) (per curiam) (holding that testimony that implied that defendant was law-abiding and hard-working opened the door to rebuttal evidence).

■ We also reject Tirado's contention that the prosecutor's question about the veracity of the interviewing officer who reported the alleged admission in 1999 resulted in reversible plain error. To the extent the question was improper, any error did not affect Tirado's substantial rights or diminish the integrity of the judicial proceedings. *See United States v. Moreland*, 509 F.3d 1201, 1213–14 (9th Cir.2007). We conclude that Tirado has failed to establish that any reversible plain error occurred at trial.

■ Tirado also contends that the district court failed to properly instruct the jury on the requirement that they find beyond a reasonable doubt that he possessed methamphetamine with intent to deliver it to another person. "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Frega*, 179 F.3d 793, 806 n. 16 (9th Cir.1999) (citing *United States v. Moore*, 109 F.3d 1456, 1465 (9th Cir.1997) (en banc)). Here, the jury instructions required the jury to find beyond a reasonable doubt that Tirado possessed methamphetamine "with intent to distribute." "Distribute" is a common term that was readily understandable by the jury. Because the term has no greater import in this context than its ordinary meaning, a jury instruction defining more specifically the phrase "possess

with intent to distribute" was unnecessary. *See United States v. Young*, 458 F.3d 998, 1010 (9th Cir.2006). We conclude that the jury instructions were not misleading or inadequate to guide the jury's deliberation.

 Finally, we reject Tirado's contention that the district court plainly erred by imposing the 10–year mandatory minimum sentence. Because the jury instructions required the jury to find beyond a reasonable doubt that Tirado possessed at least 50 grams of methamphetamine, the guilty verdict itself established that the jury made the necessary finding to support the sentence imposed. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1094 (9th Cir.2007).

**AFFIRMED.**