UNITED STATES of America, Plaintiff–Appellee,

v.

Trinidad RAMOS–BIRRUETA, Defendant–Appellant.

No. 06–30086.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Donald E. Kresse, Jr., Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Following a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), Trinidad Ramos–Birrueta appeals from the district court's order concluding that it would not have imposed a materially different sentence had it known that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

_____

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

When a defendant properly preserves his objection to the unconstitutional or mandatory application of the Sentencing Guidelines, this Court reviews for harmless error and generally remands for full resentencing instead of reviewing for plain error and ordering a limited *Ameline* remand. *See United States v. Beng–Salazar*, 452 F.3d 1088 (9th Cir.2006). Ramos–Birrueta contends that he preserved his objection when the district court originally sentenced him and that this Court therefore erred by remanding his case pursuant to *Ameline* instead of engaging in harmless error analysis. However, the record shows that Ramos–Birrueta did not object at sentencing to the mandatory or unconstitutional application of the Guidelines, and he therefore did not preserve the error. *See id.*

Ramos–Birrueta also contends that it was error for the district court to increase his maximum permissible sentence pursuant to 8 U.S.C. § 1326(b) because a jury did not find, and he did not admit, the temporal relationship between the prior conviction and subsequent removal, and the district court therefore engaged in impermissible factfinding when it found that temporal relationship. However, Ramos–Birrueta admitted the date of his removal and that removal was subsequent to his prior conviction. Therefore, the district court did not engage in impermissible factfinding. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1092–94 (9th Cir.2007) (rejecting contention that it was constitutional error for district court to find that prior removal was subsequent to aggravated felony conviction where jury found a removal and the only evidence of removals submitted to the jury were of

removals that took place subsequent to the felony conviction); *United States v. Beltran–Munguia,* 489 F.3d 1042, 1052–53 (9th Cir.2007).

Ramos–Birrueta contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer valid and that the fact of a prior conviction must be admitted by the defendant or proved to a jury beyond a reasonable doubt. This contention is foreclosed. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 413–14 (9th Cir. 2000).

**AFFIRMED.**