MEMORANDUM *
Lawrence R. Valentine appeals his jury conviction and sentence for uttering counterfeit obligations and securities in violation of 18 U.S.C. § 472, possessing counterfeit and forged securities in violation of 18 U.S.C. § 513(a), and bank fraud in violation of 18 U.S.C. § 1344. We affirm.
*884 Valentine first argues that there was insufficient evidence to uphold the jury’s verdict. He relies on his own testimony and ignores the prosecutor’s witnesses and evidence. In considering a challenge to the sufficiency of the evidence, we consider whether, after “viewing evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Moses, 496 F.3d 984, 987 (9th Cir.2007). Because Valentine failed to renew his motion for judgment of acquittal, plain error review applies. United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1200-01 (9th Cir.2000). The jury believed the prosecution’s witnesses, who provided sufficient evidence to prove all the essential elements of the crimes charged. See United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir.2002) (upholding a denial of a motion for judgment of acquittal).
With respect to his sentence, Valentine argues that the district court committed error in determining the amount of loss associated with the fraud. A sentencing judge may rely upon uncharged or even acquitted conduct in making a guidelines calculation. United States v. Peyton, 353 F.3d 1080, 1089 (9th Cir.2003). Sufficient evidence supported the district judge’s decision to calculate all the check amounts as an intended loss. There was thus no error in the district court’s inclusion of checks that Valentine did not attempt to cash, or involving conduct on which he was either acquitted or not charged. Valentine concedes that any argument that the jury, rather than the judge, should have determined the intended loss is foreclosed by binding precedent. See United States v. Martinez-Rodriguez, 472 F.3d 1087, 1092-93 (9th Cir.2007).
Valentine also argues that the district court erred in imposing an obstruction of justice enhancement pursuant to United States Sentencing Guideline § 3C1.1. Perjury is defined as “giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.” United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The district court pointed to specific, material and deliberate falsehoods, and expressly found that Valentine’s testimony was not credible. The district judge looked to his own findings and observations, as well as the jury’s verdict, in finding that the statements were willfully false. The record viewed in its entirety supports the district court’s finding. See United States v. Cordova Barajas, 360 F.3d 1037, 1044 (9th Cir.2004) (citing Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).
The district court sufficiently considered the sentencing factors set forth in 18 U.S.C. § 3553(a)(1). The factors that a court should consider include “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). The district judge considered the disparity of Valentine’s sentence as compared to his co-defendant, noting the co-defendant had not been convicted of a serious crime and Valentine had. That a co-defendant received pretrial diversion does not make Valentine’s sentence unreasonable. There was no abuse of discretion in imposing Valentine’s sentence.`
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.