**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50516 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02601-DMS |
| v. | |
| NICASIO CRUZ-GARCIA, a.k.a. Silvo Cruz Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted July 19, 2010[**]

Before:      B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Nicasio Cruz-Garcia appeals from the 30-month sentence imposed following

his guilty-plea conviction for being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

Cruz-Garcia's contention that his conviction under California Health and Safety Code section 11359 does not constitute a drug trafficking offense for purposes of the Sentencing Guidelines is foreclosed. *See United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1097 (9th Cir. 2007). The district court properly considered Cruz-Garcia's other prior convictions under 18 U.S.C. § 3553(a). We need not decide whether the district court erred by considering Cruz-Garcia's arrests because Cruz-Garcia fails to establish that any error affected his substantial rights. *See United States v. Waknine*, 543 F.3d 546, 553 (9th Cir. 2008) (describing plain error standard). Under the totality of the circumstances, the bottom-of-the-Guidelines sentence imposed by the district court was substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Given Cruz-Garcia's criminal history, we reject his contention that his sentence is substantively unreasonable under our decision in *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009). *See id.* at 1055-56 (Guidelines-range sentence determined largely by a 16-level enhancement for a prior conviction was unreasonable where the prior conviction was twenty-five years old and defendant had no subsequent convictions for harming others).

**AFFIRMED.**

09-50516