**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose FABIAN–GARCIA, Defendant—**
**Appellant.**

**No. 06–10155.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Brian L. Sullivan, Esq., Office of the U.S. Attorney, Reno, NV, Robert L. Ellman, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Charles C. Diaz, Esq., Law Offices of Charles C. Diaz, Reno, NV, for Defendant–Appellant.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jose Fabian–Garcia appeals from the 46–month sentence imposed following his guilty-plea conviction for unlawful reentry by deported alien, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fabian–Garcia contends that the sentence was not reasonable because the district court failed to address all relevant sentencing factors. A review of the record establishes that the district court did take into account the relevant sentencing factors and that the sentence imposed was not unreasonable. *See United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir.), *cert. denied*, 547 U.S. 1158, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

Fabian–Garcia contends that the district court violated his rights under the Sixth Amendment by enhancing his sentence based on a prior conviction that was neither alleged in the indictment nor proven

beyond a reasonable doubt. We disagree. The district court properly relied on a prior conviction to enhance the sentence. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1096–97 (9th Cir.2006). Furthermore, we conclude that any error resulting from the omission in the indictment of the prior conviction date and the type of prior conviction was harmless. *See United States v. Salazar–Lopez*, 506 F.3d 748, 755–56 (9th Cir.2007).

Finally, Fabian–Garcia contends that his sentence should not have been enhanced based on a prior conviction under California Health & Safety Code § 11352(a) because the statute is overbroad. We need not reach this contention because we conclude that the district court properly enhanced the sentence based on two convictions under California Health & Safety Code § 11359, which categorically describes a drug trafficking offense. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1095 (9th Cir.2007).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.