MEMORANDUM **
Rayford Ray Roberson appeals his conviction after jury trial for bankruptcy fraud, making false statements in connection with a loan application, securities fraud, and money laundering. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
Because the parties are familiar with the facts and procedural history of the case, we do not recite them here except as necessary to our decision.
The district court did not abuse its discretion by refusing Roberson’s proposed Post Traumatic Stress Disorder (“PTSD”) good faith jury instruction because Roberson failed to provide foundational evidence showing PTSD affected his state of mind. See United States v. Fejes, 232 F.3d 696, 702 (9th Cir.2000). There was no evidence that PTSD had caused Roberson to form a good faith belief the numerous false statements he made to investors were actually true.
The district court did not abuse its discretion by allowing the Government *702 to present evidence of and argue Roberson’s use of purportedly copyrighted materials. Such proof was circumstantial evidence Roberson never intended to bring the CD to market, where the fraud would soon have been discovered. Rather, Roberson intended only to produce a shell of a product that he could show to investors to convince them that Yada was a legitimate product. See United States v. Martinez-Rodriguez, 472 F.3d 1087, 1089 (9th Cir.2007). Moreover, the court gave a limiting instruction that any evidence of Roberson’s use of purportedly copyrighted materials was relevant only to Roberson’s intent to defraud investors.
The district court’s sentence was not unreasonable because the court considered and applied the sentencing factors in 18 U.S.C. § 3553(a) and gave a below-Guidelines sentence. See United States v. Nichols, 464 F.3d 1117, 1125 (9th Cir.2006); United States v. Clark, 452 F.3d 1082, 1085 (9th Cir.2006).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.