**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-15474 |
| Plaintiff - Appellee, | D.C. Nos. 2:07-cv-02608-WBS |
| | 2:02-cr-00364-WBS-1 |
| v. | |
| RAYFORD ROBERSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

A jury conviction of bankruptcy fraud, loan fraud, securities fraud, and

money laundering, unsuccessfully appealed to this court, *United States v.*

*Roberson*, 231 F. App'x 700 (9th Cir. 2007), is the subject of a timely motion

under 28 U.S.C. § 2255. The district court denied Rayford Roberson's request for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

an evidentiary hearing on the § 2255 motion, but granted a certificate of appealability on whether Roberson was entitled to a hearing. We affirm.

We review for abuse of discretion a district court's denial of an evidentiary hearing on a § 2255 motion. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). The discretion is guided by the statutory command that a prisoner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam).

On appeal, Roberson argues that he was entitled to an evidentiary hearing on three claims of ineffective assistance of counsel. Those claims are governed by *Strickland v. Washington*, under which Roberson must show that his trial counsel's performance fell below an objective standard of reasonableness and that Roberson was prejudiced thereby. 466 U.S. 668, 688, 694 (1984).

**1.** First, Roberson argues that his trial counsel was ineffective in failing to call Roger Sato, an attorney at the California DMV. According to his § 2255 motion, Sato would have testified that California law in 1994 required Roberson's driver's license to be issued under the name "Robinson."

2

Though couched as a factual allegation, Roberson's legal conclusion is simply incorrect. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). As it stood in March 1994, the unambiguous plain language of California Vehicle Code section 12801.5 (West 1994) required an applicant for a driver's license to submit proof that he was in the United States lawfully, but established no requirements as to the name in which the license was to be issued. *See* S. 976, 1993-94 Sess. § 2, 1993 Cal. Stat. 4450, 4450-51. No case law or administrative regulation gives the meaning to section 12801.5 that Roberson ascribes to it. Because Roberson's interpretation is wrong as a matter of law, Roger Sato could not have testified that it was right. *See United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). Accordingly, Roberson was not prejudiced by his attorney's failure to call Sato to testify, *see Strickland*, 466 U.S. at 694, and there was no need for the district court to hold an evidentiary hearing on this issue.

**2.** Next, Roberson alleges that his trial counsel was ineffective in failing to present testimony that would have shown that Roberson had a good-faith belief in

3

the value of the Yada software. That good-faith belief would have been a defense to the securities fraud and money laundering charges.[1]

That testimony would have been relevant to what representations Roberson had made about the value of the Yada software, but would have been undercut by evidence of the other material misrepresentations he had made. Overwhelming evidence showed that Roberson had falsely claimed that Yada would go public imminently, that he had retained a law firm and an underwriter to help Yada go public, and that he had deals with computer manufacturers and retailers. There was also considerable evidence that Roberson had concealed his history of foreclosures and bankruptcies and had lied about the amount of Yada's revenue. The evidence of these misrepresentations would have remained unaffected by the testimony that Roberson claims his lawyer should have presented. The record "conclusively show[s]" that no prejudice resulted from that claimed error. 28 U.S.C. § 2255(b). The district court, therefore, did not abuse its discretion by denying an evidentiary hearing on this issue.

**3.** Finally, Roberson alleges that he alerted his trial counsel to an expert who would have confirmed a link between Roberson's Post-Traumatic Stress

---

[1] As we hold that trial counsel's decision not to present testimony on Roberson's good-faith belief did not prejudice his client, we do not reach the question whether trial counsel's behavior fell below prevailing professional norms.

4

Disorder (PTSD) and the crimes with which he was charged. Roberson argues that his trial counsel failed to present the testimony of the expert. In failing to do so, Roberson contends, he lost the chance to mount an effective diminished-capacity defense to the charges.[2] After a careful examination of the record, however, we conclude that the considerable evidence of mens rea to execute his comprehensive fraudulent schemes would have greatly diminished, if not nullified, any probative value of expert testimony. Much of this evidence came from Roberson's own testimony. The record conclusively shows that in light of very strong evidence of elaborate schemes of deceit and of Roberson's consciousness that he was lying to his victims, there was no "reasonable probability" that trial counsel's failure to call an expert witness affected the verdict. *Strickland*, 466 U.S. at 694; *see also Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006); *Franklin v. Johnson*, 290 F.3d 1223, 1237 (9th Cir. 2002); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 297 (3d Cir. 1991). The district court did not abuse its discretion by concluding that no further evidence about Roberson's claimed expert was necessary in order to resolve this claim.

---

[2]Again, we conclude that trial counsel's decision did not prejudice Roberson, and hence do not reach the question whether trial counsel's behavior fell below prevailing professional norms.

In sum, it is plain from the face of the record that the jury would have convicted Roberson on all counts even if Roberson's trial counsel had not made the claimed errors. For that reason, the district court did not abuse its discretion in refusing to hold an evidentiary hearing.

**AFFIRMED.**