**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

FRANCISCO VALDOVINOS-MENDEZ,
       *Defendant-Appellant.*

No. 09-50532

D.C. No.
08cr4495-MMA

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted
November 2, 2010—Pasadena, California

Filed February 15, 2011
Amended April 18, 2011

Before: Mary M. Schroeder and Richard C. Tallman, Circuit
Judges, and John A. Jarvey, District Judge.*

Opinion by Judge Jarvey

---

*The Honorable John A. Jarvey, District Judge for the Southern District
of Iowa, sitting by designation.

5139

**COUNSEL**

David M.C. Peterson, Federal Defenders of San Diego, Inc., and James Fife (argued), Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Laura E. Duffy, United States Attorney, Bruce R. Castetter, Assistant United States Attorney, Chief, Appellate Section, Criminal Division, and W. Mark Conover (argued), Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**ORDER**

The opinion filed February 15, 2011 is amended as follows:

Slip Opinion, page 2485, lines 25-26: Delete the *Orozco-Acosta* citation and its parenthetical.

On the same page, line 29, before the sentence <We conclude that . . .> insert the following: <The Warning to Alien Ordered Removed or Deported, like the

Warrant of Removal, is also non-testimonial because it is pre-pared routinely and "is not made in anticipation of litigation." *Orozco-Acosta*, 607 F.3d at 1163. The Warning is a "stan-dardized form" with no personalized content or factual find-ings. *See Ballesteros-Selinger*, 454 F.3d at 975.>

The panel has voted to deny the petition for panel rehear-ing. Judges Schroeder and Tallman have voted to deny the petition for rehearing en banc, and Judge Jarvey has so rec-ommended.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehear-ing en banc are denied.

No future petitions for rehearing or rehearing en banc will be entertained.

---

## OPINION

JARVEY, District Judge:

Francisco Valdovinos-Mendez appeals his conviction for illegally re-entering the United States following removal, in violation of 8 U.S.C. § 1326. Valdovinos-Mendez contends that the admission into evidence of a certificate of non-existence of record ("CNR") and certain documents from his Alien Registration File ("A-file") violated his rights under the Sixth Amendment's Confrontation Clause. Citing the best evi-dence rule, he also contests the admission of testimony from an A-file custodian regarding the absence of any record of Valdovinos-Mendez applying for permission to re-enter the

United States. In addition, he challenges a sixteen-level enhancement to his Sentencing Guideline base offense level imposed for a prior conviction of assault with a deadly weapon under California Penal Code § 245(a), arguing that it does not qualify as a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). Finally, Valdovinos-Mendez asserts that *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), over-ruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), requiring that his prior felony conviction be found by the jury before subjecting him to a greater maximum sentence under § 1326(b).

We affirm Valdovinos-Mendez's conviction and sentence.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2008, a police officer encountered Valdovinos-Mendez driving erratically in the city of Vista, California. The officer pursued Valdovinos-Mendez as he exited the vehicle and ran into a nearby alleyway. Valdovinos-Mendez gave the officer the false name of Juan Manuel Torres Quintero. He also gave the officer a Mexican driver's license in the name of Juan Manuel Torres Quintero with Valdovinos-Mendez's photograph on it. The officer arrested Valdovinos-Mendez for driving under the influence of alcohol.

A federal grand jury indicted Valdovinos-Mendez for being found illegally in the United States following removal, in violation of 8 U.S.C. § 1326. The indictment alleged that Valdovinos-Mendez had been previously deported and removed to Mexico. Prior to trial, Valdovinos-Mendez moved in limine to exclude the CNR and other documents from his A-file. The district court denied Valdovinos-Mendez's motion.

The jury heard the testimony of Agent Deven Wooddy, custodian of Valdovinos-Mendez's A-file. She described a typical A-file as a physical folder containing records of an

alien's immigration status, such as fingerprints, photographs, removal documents, and applications for re-entry into the United States. Agent Wooddy testified that her review of Valdovinos-Mendez's A-file, as well as her search of two immigration databases,[1] revealed no documentation that Valdovinos-Mendez had ever applied for permission to re-enter the United States.

The jury found Valdovinos-Mendez guilty of violating § 1326. At sentencing, the court determined that he had a base offense level of 8 and the district court imposed a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Valdovinos-Mendez had been deported following his conviction for a crime of violence.[2] The resulting total offense level of 24, with a criminal history category V, suggested a range of imprisonment from 92 to 115 months. The court sentenced Valdovinos-Mendez to 48 months in prison, followed by three years of supervised release.

## II.    DISCUSSION

### A.

**[1]** We first address Valdovinos-Mendez's Sixth Amendment claims. The government concedes that the admission of the CNR at trial violated Valdovinos-Mendez's right to confrontation. *See Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2539 (2009). We have already held that admission of a CNR is testimonial hearsay, requiring confrontation. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1161 (9th Cir.

---

[1]Agent Wooddy searched both the Central Index System ("C.I.S.") and the Computer Linked Applications Information Management System ("C.L.A.I.M.S.").

[2]Valdovinos-Mendez was convicted of assault with a firearm in violation of Cal. Penal Code § 245(a)(2), and was sentenced to six years in prison on May 31, 1991. On October 20, 1998, he was again convicted and sentenced to six years in prison for assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(1).

2010). If the evidence is improperly admitted, " 'we must remand for a new trial unless the government demonstrates beyond a reasonable doubt that admission of the evidence was harmless.' " *Id.* (quoting *United States v. Norwood*, 603 F.3d 1063, 1068 (9th Cir. 2010)); *see also Chapman v. California*, 386 U.S. 18, 24 (1967).

**[2]** We find that standard met because the CNR was cumulative of other evidence demonstrating Valdovinos-Mendez's lack of permission to re-enter. *See Orozco-Acosta*, 607 F.3d at 1162. Agent Wooddy testified that she did not find evidence of permission to re-enter in Valdovinos-Mendez's A-file or from her own search of the C.I.S. and C.L.A.I.M.S. databases. Valdovinos-Mendez had an adequate opportunity to cross-examine Agent Wooddy and there was no evidence that he actually applied for permission to re-enter. *See id.* We hold that admission of the CNR was harmless. *See id.*

**[3]** We likewise hold that admission of the challenged A-file documents[3] did not violate Valdovinos-Mendez's Sixth Amendment rights because the documents were non-testimonial in nature. *See United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1652 (2006) (warrant of removal is non-testimonial); *United States v. Ballesteros-Selinger*, 454 F.3d 973, 975 (9th Cir. 2007) (immigration judge's memoranda of oral decisions is non-testimonial). The Warning to Alien Ordered Removed or Deported, like the Warrant of Removal, is also non-testimonial because it is prepared routinely and "is not made in anticipation of litigation." *Orozco-Acosta*, 607 F.3d at 1163. The Warning is a "standardized form" with no personalized content or factual findings. *See Ballesteros-Selinger*, 454 F.3d at 975. We conclude that admission of these docu-

---

[3]Valdovinos-Mendez challenges the admission of the Warrant of Removal, Warning to Alien Ordered Deported, and the Order from the Immigration Judge.

ments did not violate Valdovinos-Mendez's Sixth Amendment right to confrontation.

## B.

Valdovinos-Mendez urges us to find that the district court erred under the best evidence rule when it admitted the testimony of Agent Wooddy as to her search of the databases and the absence of any record of Valdovinos-Mendez applying for permission to re-enter the United States. We rejected these arguments in *United States v. Diaz-Lopez*, 2010 WL 4455880, at \*1, \*4-5 (9th Cir. Nov. 9, 2010) (holding that the agent's testimony about databases "laid a sufficient foundation for this relevant evidence to be admissible" and the best evidence rule does not apply to an agent's testimony about his search of databases).

**[4]** The best evidence rule applies when the contents of a writing are sought to be proved, not when records are searched "and found not to contain any reference to the designated matter." Fed. R. Evid. 1002 Advisory Committee's Note. Here, Agent Wooddy testified only to the absence of records, not to the contents of records sought to be proved. Moreover, public records are an exception to the hearsay rule and testimony from a qualified agent is permitted to show "that diligent search failed to disclose the record, report, statement, or data compilation, or entry." Fed. R. Evid. 803(10). As public records, the C.I.S. and C.L.A.I.M.S. databases are self-authenticating. *See United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997). We reject Valdovinos-Mendez's arguments on this issue.

## C.

**[5]** We held in *United States v. Grajeda*, 581 F.3d 1186, 1189-92 (9th Cir. 2009), *cert. denied*, 131 S. Ct. 583 (Nov. 8, 2010), that a prior conviction for assault with a deadly weapon or by force likely to produce great bodily injury,

under Cal. Penal Code. § 245, is a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Accordingly, the district court properly imposed the 16-level enhancement to Valdovinos-Mendez's base offense level under the Sentencing Guidelines.

## D.

Valdovinos-Mendez next argues that his Sixth Amendment right to a jury trial was violated by a sentencing enhancement based on a conviction not proved to a jury beyond a reasonable doubt. Pursuant to 8 U.S.C. § 1326(a), the statutory maximum sentence for a defendant convicted of illegal re-entry is two years. But under § 1326(b), the maximum penalty increases to ten years for aliens having a prior felony conviction and twenty years for aliens having a prior aggravated felony conviction. Valdovinos-Mendez asserts that the recent Supreme Court opinion in *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), effectively overruled *Almendarez-Torres,* 523 U.S. at 235. *Almendarez-Torres* allowed the district court at sentencing to find that Valdovinos-Mendez had a prior aggravated felony without submitting the issue to the jury. Because Valdovinos-Mendez raises an *Apprendi*[4] issue, we review his claim *de novo. United States v. Smith*, 282 F.3d 758, 771 (9th Cir. 2002).

**[6]** In *Almendarez-Torres*, the Supreme Court held that a prior conviction under § 1326(b)(2) was a sentencing factor, not an element of the offense. 523 U.S. at 237; *see*, *e.g.*, *United States v. Gerritsen*, 571 F.3d 1001, 1009 (9th Cir. 2009); *United States v. Mendoza-Zaragoza*, 567 F.3d 431, 434-37 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 420 (2009); *United States v. Narvaez-Gomez*, 489 F.3d 970, 977-78 (9th Cir. 2007).

---

[4]*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Valdovinos-Mendez, however, urges us to find that *Nijhawan* has overruled *Almendarez-Torres* and that we should now treat prior felony convictions under § 1326(b) as elements of the offense. We decline to do so.

**[7]** In *Nijhawan*, the Supreme Court noted that an alien convicted of an aggravated felony is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), including a felony involving fraud or deceit in which the loss to the victim exceeds $10,000. § 1101(a)(43)(M)(i). *Nijhawan*, 129 S. Ct. at 2297. Nijhawan was convicted of mail fraud, but the jury was not required to determine the amount of loss. *Id.* at 2298. Nijhawan appealed from a deportation order and challenged the amount of loss determination for that reason. *Id.*

**[8]** Nijhawan speculated that there could be potential constitutional problems if he were to subsequently re-enter the United States illegally and the sentencing court imposed an enhancement based on this mail fraud conviction, because the loss amount would not have been found beyond a reasonable doubt in the prior criminal proceeding. *Id.* at 2302. The Supreme Court dismissed this argument upon the government's suggestion that this hypothetical issue could be simply resolved by submitting the issue of loss amount to the jury in the subsequent illegal re-entry trial. *Id.* at 2303. This dicta from *Nijhawan* is not authority for the proposition that Valdovinos-Mendoza's prior felony convictions are an element of the offense in a prosecution under § 1326. It does not cast doubt on the continuing validity of the Court's clear holding in *Almendarez-Torres*.

**[9]** We conclude that *Almendarez-Torres* has not been overruled by *Nijhawan* and continues to constitute binding authority. *See United States v. Leyva Martinez*, ___ F.3d ___, 2011 WL 300188, at *1 (9th Cir. Jan. 27, 2011) (per curiam) (holding that *Nijhawan* did not overrule *Almendarez-Torres*). The district court did not err when it treated Valdovinos-

Mendez's prior felony conviction as a sentencing enhancement and increased his statutory maximum sentence.

### III.   CONCLUSION

The district court did not err in admitting into evidence documents from and testimony about Valdovinos-Mendez's A-file, or in the calculation of his sentence. His conviction and sentence are **AFFIRMED**.