**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50560 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02273-H |
| v. | |
| ADRIAN AGUILAR-RIVERA, a.k.a. Julio Cesar Castaneda, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted August 2, 2011[**]

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Adrian Aguilar-Rivera appeals from the 30-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291 and we affirm in part, vacate in part and remand for resentencing.

Aguilar-Rivera first contends the district court erred in holding that his prior conviction for grand theft, in violation of California Penal Code § 487(a), qualified as an aggravated felony under the modified-categorical approach. Aguilar-Rivera is correct; the record before the district court does not establish Aguilar-Rivera admitted to all of the elements of generic theft. *See United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc) ("A prior conviction based on an overly inclusive criminal statute that resulted from a guilty plea rather than a jury verdict will support a sentence enhancement only if the record confirms that the plea necessarily rested on the fact identifying the [offense] as generic.") (internal quotation marks omitted) (quoting *Shepard v. United States*, 544 U.S. 13, 21 (2005)); *Carrillo-Jaime v. Holder*, 572 F.3d 747, 751 (9th Cir. 2009).

Aguilar-Rivera's contention concerning *Almendarez-Torres* is foreclosed. *See United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011).

As the government has not met its burden of demonstrating that Aguilar-Rivera's § 487(a) conviction qualified as an aggravated felony, we vacate the sentence and remand for resentencing. *See United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc).

**AFFIRMED in part; VACATED in part; and REMANDED.**