FILED

AUG 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50382 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00030-JLS-1 |
| v. | |
| ANTONIO GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted August 3, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for Northern Illinois, Chicago, sitting by designation.

Defendant-Appellant Antonio Gonzalez ("Gonzalez") was convicted and sentenced for the offense of attempting illegally to enter the United States following deportation, in violation of 8 U.S.C. § 1326. He appeals, arguing that there was insufficient evidence to support his conviction; that the district court erred in admitting incriminating statements made by Gonzalez during a field interrogation conducted without *Miranda* warnings; and that the government was required to prove beyond a reasonable doubt the fact of a prior conviction. We affirm.

1. Gonzalez challenges the sufficiency of the evidence supporting his conviction with regard to the substantial step element of attempted reentry. He argues that, because he was under constant official surveillance while attempting to enter the United States, the doctrine of official restraint rendered completion of the offense legally impossible and thereby prevented him from taking a substantial step towards completion of the crime. This position was rejected in *United States v. Leos-Maldonado*, 302 F.3d 1061, 1063-64 (9th Cir. 2002).

Gonzalez maintains that *Leos-Maldonado* did not consider whether the substantial act could have resulted in a crime if carried to completion, contending that under the common law principles of attempt incorporated into § 1326 by *Gracidas-Ulibarry*, 231 F.3d 1188, 1192-94 (9th Cir. 2000) (en banc), there can be

no attempt if completion of the crime is not possible. But *Leos-Maldonado* was decided after, and took into account, *Gracidas-Ulibarry*; indeed, *Leos-Maldonado* pointed out that the defendant in *Gracidas-Ulibarry*, whose conviction the en banc court ultimately affirmed, was himself under official restraint at the time of his violation. 302 F.3d at 1063 (citing *Gracidas-Ulibarry*, 231 F.3d at 1191-92, 1197-98). We are bound by *Leos-Maldonado*. In any event, *Leos-Maldonado*'s holding is consistent with common law principles of attempt. *See Hernandez-Cruz v. Holder*, — F.3d —, 2011 WL 2652461 (9th Cir. July 8, 2011).

2. Gonzalez also argues that the district court erroneously denied his motion to suppress incriminating statements he made during a field interrogation, without having been given the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966). Whatever merit the argument might otherwise have, it cannot avail in light of our closely similar precedents.

A suspect's custodial status for *Miranda* purposes is a mixed question of law and fact, warranting de novo review. *See United States v. Bassignani*, 575 F.3d

3

879, 883 (9th Cir. 2009). We review the factual findings underlying the district court's decision for clear error. *Id.*[1]

"An officer's obligation to give a suspect *Miranda* warnings before interrogation extends only to those instances where the individual is 'in custody.'" *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). "To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Id.* (quotation marks omitted) (alteration in original). In so doing, the court must focus its inquiry "on the objective circumstances of the interrogation, not the subjective views of the officers or the individual being questioned." *Id.* Under this standard, "[a] defendant is in custody if a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." *Bassignani*, 575 F.3d at 883 (quotation marks omitted).

---

[1]Gonzalez argues that the district court's finding of reasonable suspicion was clearly erroneous because there was no evidence on which the district court could have based its decision – e.g., there was no affidavit or witness testimony from Agent Pesusich. If Gonzalez means that Agent Pesusich lacked *even* reasonable suspicion to support the stop, that contention was waived, because Gonzalez's *Miranda* argument rests squarely on the proposition that Agent Pesusich had probable cause, a more stringent standard than reasonable suspicion.

4

Here, the objective circumstances of Gonzalez's interrogation did not amount to custody under our precedents. *United States v. Medina-Villa*, 567 F.3d 507, 519-20 (9th Cir. 2009), held that the defendant was not in custody for *Miranda* purposes where the border patrol agent blocked the defendant's car to prevent escape, approached with his gun drawn, and interrogated the defendant regarding his citizenship and immigration status. *United States v. Cervantes-Flores*, 421 F.3d 825, 829-30 (9th Cir. 2005) (per curiam), overruled in part on other grounds by *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), similarly concluded that the defendant was not in custody after he was chased by a border patrol agent three quarters of a mile into the desert during the early morning, subdued, and handcuffed. Gonzalez was no more restrained, no more isolated, and no more subject to law enforcement domination than the defendants in those cases.

That the border officer in *Cervantes-Flores* did not have probable cause for the arrest in that case does not render its holding inapplicable. Although the existence of probable cause may "be one factor to consider in determining someone's custodial status in the twilight zone between detention and custody, what ultimately matters to the determination of whether *Miranda* is triggered is *custody*, which is determined not by the existence of probable cause, but by

looking to the 'objective circumstances of the interrogation.'" *United States v. Butler*, 249 F.3d 1094, 1099 (9th Cir. 2001) (emphasis in original) (quoting *Stansbury v. California*, 511 U.S. 318, 323 (1994)).

3.  Finally, Gonzalez argues that the government was required to prove beyond a reasonable doubt the fact of a prior conviction.  That contention is foreclosed by *United States v. Valdovinos-Mendez*, 641 F.3d 1031 (9th Cir. 2011), which concluded that "*Almendarez–Torres* has not been overruled by *Nijhawan* and continues to constitute binding authority."  *Id.* at 1036.

**AFFIRMED.**