**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50449 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03593-MMA-1 |
| v. | |
| JOSE OSORIO-REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 27, 2011 [**]

Before: HAWKINS, SILVERMAN and W. FLETCHER, Circuit Judges.

Jose Osorio-Reyes appeals the sentence imposed following his guilty plea to

attempted entry after deportation in violation of 8 U.S.C. § 1326. Osorio-Reyes

contends that the district court erred by applying 8 U.S.C. § 1326(b) to enhance his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence. Specifically, he argues that *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), which permits enhancement based on the existence of a prior felony, has been overruled by *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), and *United States v. O'Brien*, 130 S. Ct. 2169 (2010), so that his prior felony conviction must be either admitted or proved to a jury beyond a reasonable doubt. The district court did not err by treating Osorio-Reyes' prior felony conviction as a sentencing enhancement and increasing his statutory maximum sentence. *See United States v. Valdovinos–Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011) (holding that *Almendarez–Torres* has not been overruled by *Nijhawan* and continues to constitute binding authority)*; United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (holding that *Almendarez–Torres* is binding unless it is expressly overruled by the Supreme Court).

    **AFFIRMED.**