FILED

DEC 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10023 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00053-LRH-RAM-1 |
| v. | |
| MIGUEL ALCALA-VALADEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 8, 2011[**]
San Francisco, California

Before: O'SCANNLAIN, COWEN,[***] and BERZON, Circuit Judges.

Defendant-Appellant Miguel Alcala-Valadez was convicted and sentenced

for the offense of attempting illegally to enter the United States following

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert E. Cowen, Senior Circuit Judge for the Third Circuit, sitting by designation.

deportation, in violation of 8 U.S.C. § 1326. He appeals his sentence, arguing: (1) that the district abused its discretion in imposing an upward variance from the suggested Guidelines range; (2) that the court abused its discretion in rejecting his request for a downward departure on the basis of his completed state sentence; and (3) that the court violated his Fifth and Sixth Amendment rights when it increased the statutory maximum sentence to which he was subject on the basis of its finding that he was deported following conviction for a felony. We affirm.

1. Alcala-Valadez argues that the district court's decision to impose an upward variance erroneously relied on the Presentence Investigation Report's (PSR) description of the offense conduct underlying his state narcotics conviction. He concedes, however, that he did not contest the PSR's factual statements before the district court. The district court was therefore entitled to rely on the PSR's undisputed statements. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc).

Moreover, although Alcala-Valadez now purports to identify inconsistencies in the PSR, he is mistaken. Contrary to his submission, the statute of conviction listed in the PSR, Nev. Rev. Stat. § 453.3385, conforms to both the offense conduct recited in the PSR (including the possession of methamphetamine) and the suspended sentence he received as a result of his conviction. *See* Nev. Admin.

2

Code § 453.510; Nev. Rev. Stat. § 176A.100(1)(C).  The PSR therefore contained no "indicia of unreliability."

2.  Alcala-Valadez also agues that the district court abused its discretion in denying his request for a downward departure pursuant to U.S.S.G. § 5K2.23. Relying on *United States v. Rivera-Gomez*, 634 F.3d 507 (9th Cir. 2011), he maintains that, because his incarceration for state gun and drug offenses led to his identification by federal authorities, the conduct underlying those offenses constitutes "relevant conduct" supporting a downward departure for his illegal reentry offense.  *See* U.S.S.G. §§ 5K2.23, 5G1.3(b), 1B1.3(a).

Alcala-Valadez's reliance on *Rivera-Gomez* is misplaced.  *Rivera-Gomez* held that resisting arrest *could* constitute relevant conduct for downward departure purposes "if [the defendant] resisted arrest in order to 'avoid detection or responsibility' for the illegal reentry offense."  634 F.3d at 513.  Because Alcala-Valadez does not contend that his state gun and drug offenses were intended to avoid detection or responsibility for his illegal reentry offense, *Rivera-Gomez* is inapposite.  Moreover, the sentence for Alcala-Valadez's state drug conviction was imposed after revocation of his probation for that offense.  The district court's imposition of a consecutive sentence therefore complied with the Sentencing Commission's recommendation that sentences imposed after revocation of

probation "run consecutively to any term of imprisonment imposed upon revocation." U.S.S.G. § 7B1.3, app. n.4.

3. Finally, Alcala-Valadez maintains that he was entitled to a jury trial on the issue of his prior felony conviction, and that the government was required to prove the fact of his prior felony conviction beyond a reasonable doubt. He concedes that these challenges are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but argues that *Almendarez-Torres* has lost its vitality. *Almendarez-Torres*, however, "continues to constitute binding authority." *United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011).

**AFFIRMED.**