**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30172 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-02099-FVS-1 |
| v. | |
| OCTAVIO HERMOSO-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted February 10, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Octavio Hermoso-Garcia ("Hermoso-Garcia") appeals from his conviction

and sentence for illegal reentry in violation of 8 U.S.C. § 1326.

Hermoso-Garcia contends the district court abused its discretion by

admitting into evidence several documents related to his prior removals. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

held that the Certificate of Non-Existence of Record ("CNR") is testimonial, so admitting it without an opportunity to cross-examine the declarant violates the Confrontation Clause. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1160–61 & n.2 (9th Cir. 2010).

In this case, however, the government called Officer Rudolfo Rodriguez, who testified as to the purpose of the form, the standard procedure for searching computer records, and the supervisor's backup verification mechanism. Rodriguez testified that he personally checked Hermoso-Garcia's "A-file" and confirmed that it contained no evidence that the defendant had permission to apply for readmission. His testimony materially corroborated the CNR. The defense used its opportunity to cross-examine Rodriguez, sowing a suggestion that Hermoso-Garcia might have a second A-file. There was no factual indication, however, that the government's databases included a duplicate file for Hermoso-Garcia, that he had ever received permission to apply for readmission, or that Rodriguez had overlooked any part of his records. We conclude here, as we have in other cases, that the government has demonstrated beyond a reasonable doubt that any error in the admission of the CNR was harmless. *See id.* at 1161; *United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1034 (9th Cir. 2011). We need not address

the government's alternative argument that Rodriguez was a proper sponsoring witness for the CNR.

There was no error in admitting the other documents. The Warrant of Removal/Deportation is nontestimonial, so its introduction did not violate the Confrontation Clause. *See Orozco-Acosta*, 607 F.3d at 1162–64. The Warning to Alien Ordered Removed or Deported is also nontestimonial, so its introduction similarly did not violate the Confrontation Clause. *See Valdovinos-Mendez*, 641 F.3d at 1034–35. The Record of Sworn Statement memorializes the defendant's own statement on a form to which the defendant attached his fingerprint and signature. This falls within the hearsay exception for party admissions. *See* F.R.E. 801(d)(2)(A); *United States v. Felix-Jerez*, 667 F.2d 1297, 1299 (9th Cir. 1982). Hermoso-Garcia does not explain how admission of his own statement violates his Confrontation Clause rights. *See United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002) ("[A] signed statement ordinarily would raise no serious hearsay or confrontation clause problem.").

Hermoso-Garcia also contends that the evidence of three prior removals was irrelevant, prejudicially cumulative, and improper under F.R.E. 404(b). The government was required to prove the essential element that Hermoso-Garcia had been previously deported or removed. Documentation of prior removal would tend

3

to make more probable the fact that he had previously been removed. *See* F.R.E. 401; *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1091 (9th Cir. 1997). The evidence was not prejudicially cumulative, because the government could use evidence of more than one prior deportation "to hedge the risk that the jury may reject the offered proof of one deportation, but not the other." *Martinez-Rodriguez*, 472 F.3d at 1091. The evidence was not improper character evidence. "Rule 404(b) does not exclude evidence forming an essential element of the charged offense." *Id.*

With those documents properly admitted into the record, the district court did not err in denying Hermoso-Garcia's motion for a judgment of acquittal. *See United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008).

Hermoso-Garcia finally argues that the district court abused its discretion at sentencing by denying him an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The discount is generally unavailable for a defendant who, as here, "puts the government to its burden by contesting material factual matters." *United States v. Schales*, 546 F.3d 965, 976 (9th Cir. 2008). Hermoso-Garcia did not admit any prior deportation, nor does he fall within a narrow exception for defendants who contest factual guilt but nonetheless manifest sincere or genuine contrition. *See United States v. Garrido*, 596 F.3d 613, 617–18 (9th Cir. 2010).

After he was convicted, the defendant told the district court he would return again for his children, who live in the United States. The district court was within its discretion in finding that the defendant failed to manifest sincere or genuine contrition. *See United States v. Fellows*, 157 F.3d 1197, 1202–03 (9th Cir. 1998).

**AFFIRMED**.