**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50322 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05203-WQH |
| v. | |
| JORGE CARVAJAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 30, 2013[**]

Before:      HUG, CANBY, and LEAVY, Circuit Judges.

Jorge Carvajal appeals from the district court's judgment and challenges the

27-month sentence imposed following his guilty-plea conviction for being a

deported alien found in the United States, in violation of 8 U.S.C. § 1326. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carvajal contends that his sentence is substantively unreasonable because the prior conviction triggering an eight-level Guidelines enhancement was stale. He relies on *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), which held a 16-level enhancement unreasonable because it took no account of the staleness of the conviction that gave rise to the enhancement. Carvajal's case is distinguishable, however, because the staleness of Carvajal's triggering conviction was taken into account under post-*Amezcua* amendments to the Guidelines that resulted in a lower enhancement. In addition, Carvajal had a prior conviction for re-entry after removal. On this record, the district court did not abuse its discretion in imposing Carvajal's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 27-month sentence at the top of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Carvajal's prior 27-month sentence for violating section 1326. *See id.*

Carvajal's contention that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was overruled by *Nijhawan v. Holder*, 557 U.S. 29 (2009), is foreclosed. *See United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011).

**AFFIRMED.**

12-50322