**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50295 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02598-L |
| v. | |
| GUILLERMO ZAVALA-BOLANOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Guillermo Zavala-Bolanos appeals from the district court's judgment and challenges the 77-month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zavala-Bolanos contends that the district court procedurally erred by relying on the erroneous belief that he had multiple reentries. We review for plain error, *see United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008), and find none. The record reflects that, although the district court referenced multiple reentries, it subsequently indicated that Zavala-Bolanos had only one official deportation. Moreover, to the extent the district court erred, the error did not affect Zavala-Bolanos's substantial rights. *See id.*

Zavala-Bolanos also contends that the district court abused its discretion by failing to depart downward on the basis of his cultural assimilation. Our review of a district court's exercise of discretion to depart or vary on the basis of cultural assimilation is subsumed in our review of whether the court imposed a substantively reasonable sentence. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011). The court did not abuse its discretion in imposing Zavala-Bolanos's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), including his criminal history and the need for deterrence. *See id.*

Zavala-Bolanos's contention that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was overruled is foreclosed. *See United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011).

**AFFIRMED.**

12-50295