**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 03 2017

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FEDERICO MORENO-LOPEZ,

Defendant-Appellant.

No.    15-50311

D.C. No. 3:13-cr-02700-MMA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted December 8, 2016
Pasadena, California

Before:  REINHARDT and PAEZ, Circuit Judges, and FRIEDMAN,[**] District
Judge.

Defendant-Appellant Federico Moreno-Lopez ("Moreno-Lopez") appeals

from a conviction for illegal reentry under 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291. We affirm Moreno-Lopez's conviction and sentence.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

On appeal, Moreno-Lopez raises claims of error under Rules 403, 404(b), and 609 of the Federal Rules of Evidence. We review for an abuse of discretion the district court's decisions: (1) to admit prior criminal activity pursuant to Rule 609 of the Federal Rules of Evidence, United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004); (2) to admit prior crimes or bad acts pursuant to Rule 404(b) of the Federal Rules of Evidence, United States v. Flores-Blanco, 623 F.3d 912, 919 n.3 (9th Cir. 2010); and (3) the "court's decision that the probative value of evidence exceeds its potential for unfair prejudice." United States v. Curtin, 489 F.3d 935, 943 (9th Cir. 2007) (en banc). When a defendant raises an issue on appeal that was not raised before the district court, however, we may review only for plain error. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); see United States v. Yijun Zhou, 838 F.3d 1007, 1010 (9th Cir. 2016). In criminal cases, we have discretion to correct a plain error that meets four requirements:

> First, there must be an "error," a deviation from a legal rule that is not waived. Waiver, the intentional relinquishment of a known right, differs from forfeiture, which is the failure to timely assert a right. Second, the error must be "plain," meaning "clear" or "obvious." Third, the error must affect substantial rights, meaning it was prejudicial, or there was a "reasonable probability" that it "affected the outcome of the district court proceedings." Finally, an appellate

2

court may exercise its discretion to correct [such] error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."

United States v. Conti, 804 F.3d 977, 981 (9th Cir. 2015) (internal citations omitted).

1. Moreno-Lopez waived his challenge to the government using his 2011 felony conviction as impeachment evidence under Rule 609 when his attorney stated two times at a pretrial hearing that he did not have "any objection" to the conviction as Rule 609 evidence. Those statements were a "conscious and intentional" waiver of Moreno-Lopez's right to later challenge the 2011 felony conviction as improper Rule 609 impeachment evidence. See Lawn v. United States, 355 U.S. 339, 353 (1958) ("[Defense counsel's] affirmative statement that he had 'no objection' to receipt of the exhibits show, we believe, a conscious and intentional waiver of all objections to receipt of those documents in evidence."); United States v. Handy, 454 F.2d 885, 889-90 (9th Cir. 1972) (statement of "[n]o objection" to Allen instruction on direct appeal "was [an] intelligent[] waive[r]"). Moreno-Lopez therefore waived any claim of Rule 609 error, and his claim on appeal fails the first of the four-step test for plain error review.

Even if Moreno-Lopez had properly preserved this claim, the district court did not abuse its discretion in admitting the 2011 felony conviction as

3

impeachment evidence under Rule 609(a)(1)(B). Moreno-Lopez's testimony and credibility were central to the case: his defense asked the jury to credit his testimony, unsupported by any documentary evidence, that he has been a naturalized United States citizen through marriage since the 1980s. "When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue." United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995). The jury also never heard about the similarity between the 2011 felony conviction and the charged crime because the district court sanitized the impeachment evidence – that is, the jury was not told what specific felony Moreno-Lopez was convicted of in 2011. Finally, the district court mitigated any prejudice to Moreno-Lopez by giving the jury a limiting instruction about how to consider the 2011 felony conviction, which we must presume the jury followed. See Weeks v. Angelone, 528 U.S. 225, 234 (2000).

2. The district court also did not abuse its discretion when it permitted the government to introduce two of Moreno-Lopez's prior removals as substantive evidence of his alienage, an element of illegal reentry under 8 U.S.C. § 1326(a)(1). Moreno-Lopez incorrectly argues on appeal that the government used these two convictions as Rule 404(b) evidence. Under 8 U.S.C. § 1326(a)(1), the government was required to prove the essential element that Moreno-Lopez had

4

been previously "deported[] or removed." As such, "evidence showing that [Moreno-Lopez] had previously been deported is not Rule 404(b) evidence because the government had to prove this element of the crime." United States v. Cruz-Escoto, 476 F.3d 1081, 1088 (9th Cir. 2007). "Rule 404(b) does not exclude evidence forming an essential element of the charged offense," United States v. Martinez-Rodriguez, 472 F.3d 1087, 1091 (9th Cir. 2007), because prior acts that "'constitute[] a part of the transaction that serves as the basis for the criminal charge'" are a "categor[y] of evidence that may be considered 'inextricably intertwined' with a charged offense and therefore admitted without regard to Rule 404(b)." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)). Moreno-Lopez's counsel even acknowledged at the pretrial hearing that his client's prior removals were relevant to proving alienage under 8 U.S.C. § 1326.

The district court also did not abuse its discretion under Rule 403 when it concluded that the probative value of two prior removals substantially outweighed the danger of unfair prejudice to Moreno-Lopez. Here, the government offered documentary proof of Moreno-Lopez's 2001 removal and live witness testimony of his 2012 removal in order to prove the alienage element of 8 U.S.C. § 1326. "[B]ecause the evidence of each deportation was dissimilar, the government was

5

entitled to introduce evidence of both deportations to hedge the risk that the jury may reject the offered proof of one deportation, but not the other." United States v. Martinez-Rodriguez, 472 F.3d at 1091. In addition, the district court mitigated any potential prejudice by admitting evidence of only two of Moreno-Lopez's numerous prior removals. Accordingly, the district court did not abuse its discretion when it concluded that Rule 403 permitted the government to introduce two of Moreno-Lopez's prior removals.

**AFFIRMED**